UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LINDA S. SCOTT,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br><br>        Defendant. | No. CV 06-5460 AGR<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Linda S. Scott ("Scott") filed this action on September 6, 2006. On March 13, 2007, the case was transferred to Magistrate Judge Alicia G. Rosenberg. Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge Rosenberg on March 27 and April 2, 2007. Pursuant to the Court's Order, the parties filed a Joint Stipulation on June 11, 2007, that addresses the disputed issues in the case. The Commissioner filed the certified administrative record ("AR"). The Court has taken the Joint Stipulation under submission without oral argument.

Having reviewed the entire file, the Court concludes that the decision of the Commissioner is affirmed.

# I.

# PROCEDURAL BACKGROUND

On April 16, 2004, Scott filed an application for Disability Insurance Benefits. A.R. 71-73.  The Administration denied the application.  A.R. 37.  The Administrative Law Judge conducted a hearing on February 23, 2006.  A.R. 750-770.  On March 16, 2006, the ALJ issued a decision denying benefits.  A.R. 11-20.

Scott sought review and, on June 28, 2006, the Appeals Council denied the case and cast the ALJ's decision dated March 16, 206, as the final decision of the Commissioner.  A.R. 7-9.  Scott filed a complaint in this Court on September 6, 2006.

# II.

# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence or it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner.  *Moncada*, 60 F.3d at 523.

///
///
///

# III.

# EVALUATION OF DISABILITY

"A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

Scott's application for benefits alleged an onset date of June 17, 2003. A.R. 15, 71. The ALJ concluded that Scott "has the residual functional capacity to perform light exertion with occasional climbing, balancing, stooping, kneeling, crouching and crawling. Also, she has mild restriction of activities of daily living, mild difficulties in social functioning, mild difficulties in maintaining concentration, persistence or pace with no episodes of decompensation, each of extended duration." A.R. 19 (citation omitted).

In determining Scott's residual functional capacity (RFC), the ALJ considered several medical sources over a four-year period. A.R. 15-18. The ALJ's discussion included Dr. Hoy, an agreed medical examiner in the workers compensation proceeding. A.R. 16, 18.

Scott argues, however, that the ALJ's written discussion of Dr. Hoy was incomplete because it omitted a neck restriction articulated by Dr. Hoy:

> Ms. Scott, with regard to the cervical and thoracic spines, is able to work with a prophylactic restriction of no heavy lifting and carrying and no prolonged work with the neck in a fixed position at the limits of motion, contemplating on a prophylactic basis a 50 percent loss of pre-injury capacity for those tasks.

A.R. 16; A.R. 648.

Scott argues that the ALJ's omission of this restriction from his RFC assessment violates Social Security Ruling 96-8p.[1]  The Commissioner disputes Scott's argument.

Even assuming that the ALJ erred in not expressly mentioning a restriction on "prolonged work with the neck in a fixed position at the limits of motion," any error was harmless.  *Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2005).  "A decision of the ALJ will not be reversed for errors that are harmless."  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Here, omission of the neck restriction was "inconsequential to the ultimate nondisability determination."  *See Stout*, 454 F.3d at 1055.  Residual functional capacity (RFC) "is used at step 4 of the sequential evaluation process to determine whether an individual is able to do past relevant work."  SSR 96-8p.  Scott bears the burden of showing that she can no longer perform her past relevant work.  *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993).

Scott appears to concede that the record contains no evidence that a restriction on "prolonged work with the neck in a fixed position at the limits of motion" would preclude Scott from performing her past relevant work as a secretary, typist.  (Joint Stipulation at 7.)  Dr. Hoy did not express such an opinion.  Scott also concedes that the Dictionary of Occupational Titles does not identify any neck movement requirements or restrictions in its description of secretary, typist.  (*Id.*)

Nevertheless, Scott appears to ask the Court to engage in "some speculation as to whether the neck restrictions actually preclude Linda Scott from performing her past relevant work."  (*Id.* at 6.)  Having reviewed the entire file, the Court concludes that there is no basis for such speculation.  On the contrary, substantial evidence supports the ALJ's determination that Scott could perform her past relevant work.  Scott identified

---

[1]  "The Commissioner issues Social Security Rulings (SSRs) to clarify the Act's implementing regulations and the agency's policies."  *Holohan v. Massanari*, 246 F.3d 1195, 1202 n.1 (9th Cir. 2001).  SSRs do not have the force of law.  *Id.*  SSRs are entitled to some deference unless they are inconsistent with the statute or regulations.  *Id.*

Dr. Hunt as her primary care physician. A.R. 761. Scott performed her past relevant work as legal secretary at State Compensation Insurance Fund at the same time that Dr. Hunt's neck restrictions, in combination with other restrictions, were more severe than Dr. Hoy and included "no prolonged maintenance of the head/neck in a fixed position; no repetitive bending, twisting or turning of the head/neck." A.R. 282 (December 5, 2001); A.R. 349 (June 10, 2003). Even with these neck restrictions, in combination with other restrictions, Dr. Hunt opined that "[t]he patient is fully capable, in my opinion, of continuing to work in her usual and customary capacity." A.R. 270, 283 (December 5, 2001); A.R. 350 (June 10, 2003); *see* A.R. 593 (Scott remains "able to work" as of January 27, 2004). Dr. Hunt's opinions as a treating physician, and Scott's performance of her past relevant work while she was under more severe restrictions imposed by her treating physician, constitute substantial evidence supporting the ALJ's decision. A.R. 17; *see Andrews v. Shalala*, 53 F.3d 1035, 1040-41 (9th Cir. 1995) (more weight is given to a treating physician's opinion than to opinion of nontreating physician).

As the ALJ noted, at the time of Dr. Hoy's examination in 2005, Scott was running her own business as a licensed day care provider, working 5 days a week, 10 hours per day. A.R. 18 (citing A.R. 633). As a day care provider, Scott provided meals for six children ages two to four-and-a-half and planned their daily programs. A.R. 754-755. Moreover, the ALJ noted that Scott's activities included walking her dog and driving. A.R. 18, 168. Scott's performance of these activities while under neck restrictions constitutes additional evidence supporting the ALJ's findings.

Finally, when asked at the hearing why she could not perform her past relevant work, Scott did not mention her neck restrictions. A.R. 754-755, 758-760.

Where, as here, a limitation is not relevant in deciding whether a claimant could perform her past work, any error in omitting that limitation is harmless. *Matthews*, 10 F.3d at 681. Like *Matthews*, "we think it more likely that the ALJ, having considered this limitation, dismissed its applicability to the [past relevant work] after considering the

other evidence." *Id.* Stated another way, on this record "no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *See Stout*, 454 F.3d at 1056.

## IV.
## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: September 17, 2007

_____
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE